# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA


**PATRICIA LUKE, et al**                                        **CIVIL ACTION**

**VERSUS**                                                **NO: 08-4689-MLCF-SS**

**DEVIER CONSTRUCTION, LLC**

## <u>ORDER</u>

DEFENDANT'S MOTION TO COMPEL AND QUASH (Rec. doc. 39)

### GRANTED IN PART AND DENIED IN PART

KLEIN'S MOTION TO TERMINATE AND LIMIT DEPOSITION (Rec. doc. 46)

### GRANTED IN PART AND DENIED IN PART

This matter is set for trial before the District Judge on August 24, 2009. The pretrial conference is set for July 31, 2009, and the discovery deadline is July 1, 2009. Rec. doc. 30. On February 2, 2009, the parties were ordered to agree on a date for the deposition of the plaintiff, Jane Klein ("Klein"), and schedule her deposition within thirty (30) calendar days of the entry of the order. Rec. doc. 29. The parties did not comply with this order. Although the deposition began on February 25, 2009, after a brief period it was terminated by Klein. On February 26, 2009, Klein served written discovery on the defendant, Devier Construction, L.L.C. ("Devier").

Devier filed a motion to compel discovery and quash Klein's written discovery. It requests: (1) an order holding Klein in contempt for violation of the February 2, 2009 discovery order; (2) attorney's fees and costs; (3) resumption of the deposition at Devier; (4) production of the contract between Klein and her counsel; and (5) relief from responding to Klein's discovery until the completion of her deposition. Klein filed a motion to terminate and limit the deposition scope. She

requests: (1) the deposition be limited to matters relevant to the pleadings; (2) relief from production of the contract with her counsel; and (3) discovery of communications between Patricia Luke ("Luke"), a former plaintiff, and counsel for Devier.

1.   Klein's deposition.

Based on the review of the deposition transcript, Klein improperly terminated the deposition. See Rec. doc. 53 at 5-14. Counsel for plaintiff, a long time practitioner, knows better. He shall bear the cost of the court reporter for completion of plaintiff's deposition. This cost may not be reimbursed as taxable cost or from plaintiff. The parties shall proceed as follows:

a.   **Within five (5) working days of the entry of this order, the parties shall agree on a date for Klein's deposition.** Counsel for Devier shall initiate the communication to counsel for Klein to schedule the deposition.

b.   **The deposition shall be scheduled <u>and completed</u> within thirty (30) calendar days from the entry of this order**.

c.   Klein shall appear for the deposition at the office of counsel for Devier or at such other location determined by counsel for Devier. The deposition shall not be taken at the offices of Devier Construction, LLC.

The deposition shall be taken in accord with Fed. R. Civ. P. 30©. The parties' attention is invited to Rule 30(c)(2) which provides that:

> An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. **A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).**

Fed. R. Civ. P. 30(c)(2) (emphasis added). A motion under Rule 30(d)(3) shall only be presented in writing. The parties shall not telephone the undersigned during the deposition. If it is determined, after reviewing the transcript, that the Rule 30(d)(3) motion is without merit, sanctions will be assessed for improperly terminating the deposition. Klein and her counsel are cautioned that any further failure to cooperate in providing a full deposition will result in sanctions being imposed.

2. <u>Klein's contract</u>.

Klein entered into a written contract with her counsel for representation in this case. Devier subpoenaed the contract. Klein did not make a timely objection to the subpoena or seek to quash the subpoena. At the deposition she refused to produce the contract. She now contends that the contract is protected from disclosure by the attorney-client privilege. and cites <u>In re Grand Jury Proceedings v. Jones</u>, 517 F.2d 666 (5th Cir. 1975). Devier urges that Klein seeks to recover attorneys' fees, and therefore, the contract is discoverable. <u>Jones</u> cites the general rule that matters involving the receipt of fees from a client are not normally within the privilege. <u>Id</u>. at 671; and <u>see</u> Edna Selan Epstein, *The Attorney-Client Privilege and the Work-Product Doctrine*, A.B.A., Sec. of Lit. (5th Ed. 2007) ("Epstein"), pp. 95-99. However, in <u>Jones</u> information as to who furnished money to an attorney so that the attorney could post a bond for his client was privileged. It was determined that there was an exception for such information when it was sought for the purpose of incriminating undisclosed clients. <u>Id</u>. at 672-73. No such issue is raised for Klein's complaint under the Fair Labor Standards Act, 29 U.S.C. § 201. Where disclosure of the fee arrangements will reveal actual confidential communications, disclosure will not be compelled. <u>Epstein</u> at 102.

**Within five(5) working days of the entry of this order, Klein shall produce the fee agreement for *in camera* inspection.** If it does not contain confidential communications, it will

3

be produced to Devier.

3.     Klein's written discovery.

**Within ten(10) calendar days of the completion of Klein's deposition, Devier shall respond to Klein's written discovery and fully comply with Fed. R. Civ. P. 33 and 34.** If Klein is dissatisfied with Devier's responses, Klein shall fully comply with L.R. 37.1 before filing a motion to compel. L.R. 37.1 requires that counsel confer in person or by telephone concerning each issue which will be raised in the motion to compel. An exchange of e-mails or letters will not suffice. Klein's memorandum shall include the results of the conference for each issue raised in the motion to compel. If the parties fail to fully comply with L.R. 37.1, sanctions will be assessed.

4.     Patricia Luke.

Luke was included as a plaintiff. On January 14, 2009, all of her claims against Devier were dismissed without prejudice. Rec. doc. 25. Klein's counsel contends that Devier's counsel improperly communicated with Luke. This is denied by Devier's counsel. The record does not confirm the statements by either counsel. If Klein's counsel wants to pursue this inquiry, he may take Luke's deposition.

5.     Other relief.

All other relief sought by the parties is denied.

IT IS ORDERED that Devier's motion to compel discovery and quash (Rec. doc. 39) and Klein's motion to terminate and limit deposition scope (Rec. doc. 46) are GRANTED in PART and DENIED in PART in accord with the terms of this order.

New Orleans, Louisiana, this 27th day of March, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**